UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
Estate of ANDREW LEVY, by and through its
duly Appointed Administrator, MATTHEW
LEVY,

    Plaintiff,

 -against-

HUSTEDT CHEVROLET, HUSTEDT CHEVROLET,
INC., HUSTEDT HYUNDAI, HUSTEDT HYUNDAI,
INC., HUSTEDT CHEVROLET WEST, HUSTEDT
CHEVROLET WEST INC., and CHARLES
CHALOM and MONIQUE CHALOM, individually
and in their capacities as owner and/or agent of
Hustedt Chevrolet, Hustedt Chevrolet, Inc.,
Hustedt Chevrolet West, Hustedt Chevrolet West,
Inc., Hustedt Hyundai, and Hustedt Hyundai, Inc.,
and JOHN DOES 1-20

    Defendants.
----------------------------------------------------------------------X

**MEMORANDUM & ORDER**
Civil Action No. 05-4832

(DRH)(MLO)

**APPEARANCES:**

**Steinberg, Fineo, Berger & Fischoff, P.C.**
Attorneys for Plaintiff
401 Broadhollow Road, 4th Floor
Melville, New York 11746
By: Sharon D. Simon, Esq.

**Milman Labuda Law Group, PLLC**
Attorneys for Defendants
3000 Marcus Avenue, Suite 3003
Lake Success, New York 11042
By: Perry S. Heidecker, Esq.

**HURLEY, Senior District Judge:**

  Plaintiff, the Estate of Andrew Levy ("Plaintiff"), commenced this action asserting claims (1) under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York Human Rights Law, N.Y. Exec. Law § 296 *et seq.* for disability discrimination; (2) under

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e for employment discrimination (hostile work environment and retaliation); and (3) for emotional distress under New York law. Presently before the Court is Defendants' motion for summary judgment. With respect to the Title VII claims for hostile work environment and retaliation, as well as the state law claim for emotional distress, Plaintiff consents to their dismissal. Accordingly, these claims are dismissed. The only remaining claims are those for disability discrimination under the ADA and the New York Human Right Law. For the reasons set forth below, the motion for summary judgment is granted as to ADA claim. Moreover, the Court declines to exercise supplemental jurisdiction over Plaintiff's state claim and therefore dismisses it without prejudice.

*Background*

This action is but one of several pending before this Court in which former employees of Defendants Hustedt Chevrolet, Hustedt Chevrolet Inc. (Chevrolet Inc."), Hustedt Hyundai, Hustedt Hyundai, Inc., Hustedt Chevrolet West, and/or Hustedt Chevrolet West Inc. (West Inc.) (collectively "Dealership Defendants") are seeking redress for the alleged discriminatory and retaliatory practices of Defendant Charles Chalom ("Chalom"), owner of Dealership Defendants, and the hostile work environment created by him.

The following relevant facts are undisputed unless otherwise noted.

Andrew Levy ("Levy") was employed by Chevrolet Inc. as the used car manager from approximately 2000 to October 4, 2004, when he was terminated. Chalom owns 100% of the stock of Chevrolet Inc.[1] and was Levy's supervisor. Both Levy and Chalom are Jewish. Levy

---

[1] It is also uncontested that Chalom owns 100% of the stock of defendant Hustedt Hyundai Inc. and owned all the stock of West Inc. until June 31, 2007 when General Motors bought all of the stock and shut West Inc. down.

had a leg problem requiring him to wear a brace. It is also suggested that Levy suffered from diabetes and was overweight, although there appears to be some dispute about the existence of these latter conditions. According to the affidavit of Levy's co-worker, Frank Ventimiglia, Levy "was working at the podium on day when his leg swelled and he had to remove his brace. Chalom saw this as a sign of 'weakness' and [Chalom] told [Ventimiglia] to fire [Levy] for removing his shoe at work. When [Ventimiglia] refused to do this, Chalom fired him himself in or about October of 2004. . . . Chalom made very inappropriate comments to [Levy] about his size, which [Levy] found hurtful and offensive. He told him he was a pig, and that he should bully people and push them around because of his size." (Ventimiglia Aff. at ¶ ¶29-30.)

After his termination at Chevrolet Inc., Levy was hired as the new and used car manager for West Inc. From April 2005 until his termination, Defendant Monique Chalom ("Monique") was Levy's supervisor. According to Chalom, while at West Inc. Levy sold only two automobiles. He was terminated from West Inc. on May 23, 2005. It is claimed that Levy told Monique that he required approximately three days off from work to take a stress test and other medical tests and that he might possibly need heart surgery and in response Levy was fired, although it is unclear by whom. According to Chalom, however, he was unaware that Levy had any heart condition. Levy died on June 6, 2005; the record does not disclose the cause of death.

Plaintiff claims that Levy's terminations from both Chevrolet Inc. and West Inc. were "for reasons involving Levy's medical conditions/disabilities." (Pl.'s Mem. in Opp. at 5.)

## *Discussion*

### I. Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate

where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *See Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Cons. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted). Affidavits submitted in opposition to summary judgment must be based on personal

4

knowledge, must "set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (citing Fed. R. Civ. P. 56(e)). "Rule 56(e)'s requirement the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertions that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial." *Patterson*, 375 F.3d at 219 (citing *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999)).

When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55. A district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide the district court in its determination of a summary judgment motion. *See Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *See id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587).

In deciding a summary judgment motion, a court must resolve all factual ambiguities and

draw all reasonable inferences in favor of the non-moving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987). That being said, it is well-established that a non-movant cannot defeat summary judgment with nothing more than "unsupported assertions," *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995), or the allegations in its pleadings. *See Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996); *see also* Fed. R. Civ. P. 56(e). More particularly, although "summary judgment should be used sparingly" in cases where the material fact at issue is the defendant's intent or motivation, the plaintiff must nevertheless offer some "concrete evidence" in his favor, and is "not entitled to a trial simply because the determinative issue focuses upon the defendant's state of mind." *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988). "The summary judgment rule would be rendered sterile . . . if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985).

## II. Plaintiff's ADA Claim[2]

It is alleged that Levy was discharged from both Chevrolet Inc. and West Inc. due to his disabilities in violation of the ADA. The ADA prohibits employment discrimination by a "covered entity . . . against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). Employers of persons with disabilities are required to make reasonable accommodations for otherwise qualified individuals with disabilities and are

---

[2] On September 25, 2008, the ADA was amended. *See* ADA Amendments Act of 2008, Pub. L. 110-325, 122 Stat. 3553 (2008). The Act explicitly states that it "shall become effective on January 1, 2009." *Id.* The Court will therefore not apply the new provisions to the instant case.

prohibited from retaliating against an employee engaged in activities protected under the statute. *See id* §§ 12112(b)(5)(a), 12203(b).

Employment discrimination claims under the ADA are evaluated under the now familiar burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973). Under *McDonnell-Douglas* and its innumerable progeny, (1) a plaintiff must first establish a prima facie case of discrimination; (2) the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions; if the employer does so, the *McDonnell-Douglas* framework and its presumptions and burdens disappears, leaving the sole remaining issue of "discrimination vel non;" and thus, (3) the burden shifts back to the plaintiff to prove that the employer's stated reason is merely pretextual and that discrimination was an actual reason for the adverse employment action. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000). Although intermediate evidentiary burdens shift back and forth under this framework, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.*

In order to establish a prima facie case of discrimination under the ADA, a plaintiff must show that: (1) his employer is subject to the ADA; (2) plaintiff was disabled within the meaning of the ADA; (3) plaintiff was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability. *See Jacques v. DiMarzio, Inc.,* 386 F.3d 192, 198 (2d Cir. 2004) (citing *Cameron v. Cmty Aid for Retarded Children, Inc.,* 335 F.3d 60, 63 (2d Cir. 2003)); *Shannon v. N.Y. City Transit Auth.,* 332 F.3d 95, 99 (2d Cir. 2003).

There appears to be no dispute that Chevrolet Inc. and West Inc. are covered entities.

Accordingly, the Court shall proceed to the issue of whether Plaintiff has established a prima facie case that Levy was disabled within the meaning of the ADA.

### A. Disabled Within the Meaning of the ADA

A person can demonstrate that he has a disability within the meaning of the ADA in any one of three ways. He can show that he (1) has a physical or mental impairment that "substantially limits" one or more "major life activities"; (2) has a "record of such impairment"; or (3) is "regarded as" having such an impairment. 42 U.S.C. § 12102(2). Disability determinations are made on a case by case basis. *Reeves v. Johnson Controls World Servs. Inc.*, 140 F.3d 144, 151-52 (2d Cir. 1998). Plaintiff asserts that Levy qualifies under the first and third definitions. The Court examines these two below.

1. Did Levy suffer from an impairment that <u>substantially limits one or more life activities?</u>

To meet the first ADA definition of disability, (1) a plaintiff must show that he suffers from a physical or mental impairment; (2) the plaintiff must identify the activity that is claimed to be impaired and establish that such activity constitutes a "major life" activity; and (3) the plaintiff must show that his physical or mental impairment "substantially limits" the identified "major life activity." *Jacques,* 386 F.3d at 201; *accord Ramirez v. New York City Bd. of Educ.*, 481 F. Supp. 2d 209, 217 (E.D.N.Y. 2007).

Even assuming that Levy suffered from one or more physical impairments, Defendants contend that there is no evidence that the alleged impairments - leg injury requiring the wearing of a brace, diabetes or obesity - substantially limited any major life activity. The Court agrees.

"Major life activities are activities that are of central importance to daily life. . . . The

EEOC regulations define major life activities to include functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Capobianco v. City of New York,* 422 F.3d 47, 56 (2d Cir. 2005) (internal quotations omitted) (quoting *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 197 (2002); 29 C.F.R. § 1630.2(I)). "In determining whether a limitation is 'substantial,' courts consider the nature and severity of the impairment, the duration or expected duration of the impairment, and the permanent or long term impact of or the expected long term impact of or resulting from the impairment. . . . For purposes of the ADA, short term, temporary restrictions are not 'substantially limiting' and do not render a person 'disabled.'" *Conley v. United Parcel Serv.*, 88 F. Supp. 2d 16, 19 (E.D.N.Y. 2000). *See Capobianco*, 422 F.3d at 57; *Green v. New York City Health and Hospital Corp.*, 2008 WL 144828, at * 4 (S.D.N.Y. Jan. 15, 2008). It is the limitation on the claimed major life activity that must be permanent or have a long term impact. The permanency of the mental or physical condition leading to the impairment is not necessarily sufficient. *See Toyota Motor,* 534 U.S. at 198 (diagnosis alone does not establish a disability within the meaning of the ADA; the impairment's impact must be long term). Moreover, in determining how a particular impairment affects a particular plaintiff, the Court must consider any corrective or mitigating measures taken by that individual. *See Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 482-84 (1999).[3] For example, an individual who is able to virtually eliminate the effects of an impairment through medication is not considered disabled for purposes of the ADA. *See id.* at 483; *accord Teachout v. New York City Dept. of Educ.*, 2006 WL 452022

---

[3] This case was also overruled by the recently enacted amendments to the ADA. *See* ADA Amendments Act of 2008, Pub. L. 110-325, 122 Stat 3553 (2008).

(S.D.N.Y. Feb. 22, 2006).

To raise an issue of fact as to whether a claimed impairment substantially limits a major life activity, a plaintiff must present more than mere conclusory allegations. Rather, a plaintiff must provide specific information detailing the nature and length of the limitation, together with supporting medical evidence regarding the duration and severity of the impairment's impact on the major life activity at issue. *See, e.g., Mikell v. Waldbaum, Inc.*, 2003 WL 21018844 (S.D.N.Y. May 5, 2003) (conclusory statements about plaintiff's inability to walk, dress herself, and get out of bed, without reference to medical or other evidence regarding the duration and severity of impairment's impact on these activities insufficient to defeat summary judgment); *Mazza v. Bratton*, 108 F. Supp. 2d 167, 175 (E.D.N.Y. 2007) (conclusory assertion in affidavit that plaintiff had difficulty in performing such routine tasks such as cooking, cleaning, shopping and showering insufficient to make a prima facie showing that his ability to care for himself was substantially limited), *aff'd*, 9 Fed. Appx. 36 (2d Cir. 2001) (unpublished summary order). *Cf. Teachout,* 2006 WL 452022, *4 (a plaintiff does not satisfy burden under the ADA by showing impairment "merely affected" a major life activity; a plaintiff must demonstrate that impairment substantially limits those activities). *See generally Montgomery v. Chertoff*, 2007 WL 1233551, at *9 (E.D.N.Y. Apr. 25, 2007) ("Neither 'conclusory statements, conjecture,[n]or speculation' suffices to defeat summary judgment.") (quoting *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996)).

Here, Plaintiff has failed to provide sufficient, non-conclusory information to permit a trier of fact to conclude that Levy's impairment substantially limited the major life activity of walking, working , or any other major life activity. The sum and substance of Plaintiff's

response to Defendants' argument that Levy has not produced evidence that his disabilities limited a major life activity is as follows: "The Defendants' argue that Levy had not produced evidence that his disabilities limited a major life activity, but this is not really true. As noted above, both Ventimiglia and Weiss testified as to how Chalom yelled at Levy as he took off and adjusted his brace because of pain and swelling, to get up off his fat a– and do something." Pl.'s Mem in Opp. at 10. While such conduct is certainly boorish and reprehensible, Plaintiff's argument is insufficient to raise an issue of fact as to whether Levy's impairments substantially limited any major life activity. To the extent Plaintiff claims Levy's leg injury substantially impaired the life activity of walking, this vague claim cannot create an issue of fact absent specific information detailing the nature and severity of the claimed impairment. For example, there is no testimony that Levy was limited in the amount of time he could stand or walk.

Compounding the conclusory assertions by Plaintiff is the lack of any medical evidence to support the claim that Levy was substantially limited in a major life activity. *See, e.g., Heilweil v. Mount Sinai Hosp.*, 32 F.3d 718, 723 (2d Cir. 1994) (dismissing ADA claim for lack of medical evidence); *Douglas v. Victor Capital Group*, 21 F. Supp. 2d 379, 392 (S.D.N.Y. 1998) ("plaintiff's testimony as to the alleged limits on his ability to walk, without supporting medical testimony, simply is not sufficient to establish his prima facie case under the ADA"); *Infantolino v. Joint Indus. Bd.*, 2006 WL 3065591, at *6-7 (E.D.N.Y. Sept. 25, 2006) (finding that critical to the plaintiff's failure to submit evidence of any limitation on a major life activity was the absence of medical evidence supporting any limitation); *cf. Johnson v. St. Clare's Hosp.*, 1998 WL 213203, at *8 (S.D.N.Y. Apr. 30, 1998) (claim that conduct which led to discharge was the result of disability rejected for failure to provide medical evidence to support causation). The absence

of such medical evidence, given the other previously noted deficiencies in Plaintiff's proffer, precludes a trier of fact from concluding that Levy's impairments substantially limited a major life activity.[4]

Based on the foregoing analysis and applying the applicable law in the context of the evidence presented - construed, as it must be, most favorably to him, the Court concludes that Plaintiff has not presented sufficient evidence for the trier of fact to conclude that Levy had a mental or physical impairment that substantially limited one or more of his major life activities.

3. Was Levy regarded as disabled?

Plaintiff also claims that Levy meets the ADA definition of disabled because Defendants regarded him as disabled. This claim depends not on the existence of an actual disability but on "the employer's perception of the employee" and is a question of "intent." *Capobianco*, 422 F.3d at 57 (citations and internal quotations omitted). "It is not enough that the employer perceive the employee as somehow disabled; the employer must regard the employee as disabled within the meaning of the ADA, i.e., having an impairment that substantially limits a major life activity." *Id. Accord, Jacques,* 386 F.3d at 201; *Colwell*, 158 F.3d at 646.

Plaintiff's argument in support of this claim is as follows: "Levy was disabled within the meaning of the ADA, if nothing else, based upon Chalom's reaction to seeing Levy remove and adjust his brace at work and upon Monique's reaction to Levy's request for time off." Pl.'s

---

[4] The Court also notes that an inability to perform a single, particular job does not constitute a substantial limitation on the major life activity of working. *See* 29 C.F.R. § 1630.1(j)(3)(I). Rather, a plaintiff must demonstrate he is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes . . . ." *Id.* at § 1630.1(j)(3)(j). *See Giordano v. City of New York,* 274 F.3d 740, 747 (2d Cir. 2001). Plaintiff has made no such showing

Mem. in Opp. at 11. The undisputed record evidence demonstrates, however, that Levy wore the leg brace when he was hired in 2000.

With regard to Monique's alleged reaction to the request for time off, the information furnished is insufficient to support that the incident took place. The only support for the allegation that Levy requested time off for medical reasons is the affidavit of Levy's son, Matthew, stating that his father had so advised Monique. The affidavit does not state that Matthew has any first hand information concerning the exchange. Indeed, Matthew Levy testified at his deposition that he never visited his father at West Inc. Under the circumstances, the affidavit is insufficient to raise a question of fact. *Cf. Paterson*, 375 F.3d at 219. Plaintiff bears the burden of establishing a prima facie case and his failure to provide admissible evidence to support this claim is fatal.

Moreover, the record does not support an inference "that the [Defendants] regarded [Levy] not merely as unable to work in [his] specific job, but disabled from a 'broad range of jobs' as compared with 'the average person having comparable training, skills and abilities.'" *Doe v. Bd. of Educ. of Fallsburgh Cent. Sch. Dist.*, 63 Fed. Appx. 46, 49 (2d Cir. 2003) (unpublished decision) (quoting *Bartlett v. N.Y. State Bd. of Law Exam'rs*, 226 F.3d 69, 82-83 (2d Cir. 2000)); *see also Temple v. Bd. of Educ.*, 322 F. Supp. 2d 277, 281 (E.D.N.Y. 2004) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.") (citation and internal quotation marks omitted). Here, Plaintiff does not even argue, no less put forth evidence, that Defendants regarded Levy as unable to perform any class of jobs. At best, the argument is limited to Defendants' alleged perception that Levy could not perform *his* job. This is patently insufficient to sustain Plaintiff's burden.

13

*Cf. Giordano,* 274 F.3d at 749.

Accordingly, the Court finds that Plaintiff has failed to proffer sufficient evidence to permit a trier of fact to conclude that Levy was disabled within the meaning of the ADA. Having failed to establish this element of the prima facie case, Defendants' motion for summary judgment on the ADA claims must be granted.

**III. Plaintiff's New York State Human Rights Law Disability Claims.**

While disability discrimination claims under the ADA and the New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq*. ("NYSHRL") are analyzed similarly, the definition of disability is broader under the NYSHRL. *See State Div. of Human Rights v. Xerox Corp.*, 65 N.Y.2d 213, 218-19 (1985); *Shannon v. New York City Transit Auth.,* 332 F.3d 95, 104 n.2 (2d Cir. 2003); *Branson v. Ethan Allen, Inc.*, 2004 WL 2468610, at *3 (E.D.N.Y. Nov. 3, 2004). A disability under the NYSHRL is a condition that either (1) prevents the exercise of a normal bodily function or (2) is "demonstrable by medically accepted clinical or laboratory diagnostic techniques." *Reeves ,* 140 F.3d at 155. "Thus an individual can be disabled under the [Human Rights Law] if his or her impairment is demonstrable by medically accepted techniques; it is not required that the impairment substantially limit that individual's normal activities." *Lovely H. v. Eggleston*, 235 F.R.D. 248, 260 (S.D.N.Y. 2006) (quoting *Hazeldine v. Beverage Media Ltd.*, 954 F. Supp. 697, 706 (S.D.N.Y. 1997)). In other words, any "medically diagnosable impairment" is a disability under the NYSHRL. *Barr v. New York City Trans. Auth.*, 2002 WL 257823, at *8 (E.D.N.Y. Feb. 20, 2002). The Court's grant of summary judgment on the ADA claims is therefore not dispositive of Plaintiff's state law claims.

However, having found that Levy's ADA claims fail as a matter of law, there is no longer

any independent basis for federal jurisdiction in the within action. Although the Court has the discretion to exercise supplemental jurisdiction over Plaintiff's remaining NYSHRL claim, *see* 29 U.S.C. § 1367(a), it declines to do so as resolution of the state claim would require the determination of additional factual and legal issues. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *N.Y. Mercantile Exch., Inc. v. Intercontinental Exch., Inc.*, 497 F.3d 109, 119 (2d Cir. 2007) ( holding that dismissal of remaining state claims after the dismissal of federal claims is particularly appropriate where the resolution of the state law claims entails resolving additional legal and factual issues). "While discovery has been completed and the instant case proceeded to the summary judgment stage, it does not appear that any discovery would need to be repeated if [Plaintiff's] pendent claim [] [was] brought in state court." *Tishman v. The Associated Press,* 2007 U.S. Dist. LEXIS 85588, at *28-29 (S.D.N.Y. Nov. 19, 2007). Moreover, "'[s]ince [New York CPLR § 205] allows a plaintiff to recommence a dismissed suit within six months without regard to the statute of limitations,' plaintiff[] will not be prejudiced by the dismissal of [her NYSHRL] claim[]." *Id.* (quoting *Trinidad v. N.Y. City Dept. of Corr.*, 423 F. Supp. 2d 151, 169 (S.D.N.Y. 2006) (alterations in original) (additional citations omitted).

        Accordingly, Plaintiff's NYSHRL claim is dismissed without prejudice.

**IV. Defendants' Request for Sanctions**

        In their Reply Memorandum, Defendants maintain they are entitled to sanctions and costs for being forced to move for summary judgment on claims that Plaintiff has abandoned. The request for sanctions is denied. First, it is inappropriate to raise new arguments and/or ask for

new forms of relief in a reply memorandum where the opposing party will not have an opportunity to respond. Second, Defendants' request is denied for their failure to comply with Rule 3(A) of this Court's Individual Practice Rules.

## Conclusion

For the reason set forth above, the Title VII claims for hostile work environment and retaliation, as well as the state law claim for emotional distress, are dismissed, Defendants' motion for summary judgment is granted on the ADA claims, and the NYSHRL disability claim is dismissed without prejudice. Defendants' request for sanctions is denied. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
       December 17, 2008

/s/
Denis R. Hurley
Senior District Judge